# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

**DEBORAH LAUFER,**

    Plaintiff,

v.                                                      Case No: _____

_____

    Defendant,

_____/

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff, by and through undersigned counsel, respectfully submits this Notice Of Supplemental Authority in support of her standing to pursue this action.

In *Kennedy v. Nisha, Inc.*, 8:20-cv-367-TPB-CPT, DE 34 (M.D. Fla. 9/17/20), Exhibit A attached hereto, the Court rejected the argument that a plaintiff must intend to book a room at the hotel in order to have standing.

The Court first noted that the four factor test (analyzing such factors as the distance between the residence and physical property) is "difficult to apply in website cases, which usually present intangible barriers that can be felt far away from the property." *Id.*, at 6.

The Court also relied on *Parks v. Richard*, 2020 U.S. Dist. Lexis 86790 (M.D. Fla. 2020), and *Poschmann v. Fountain TN, LLC*, 2019 U.S. Dist. Lexis 159417, \*\*4-6 (M.D. Fla. 2019), wherein the "focus of the tester's ADA claim was limited to the hotel's website, not the hotel itself. In these kinds of cases, the tester brings a claim with no intention whatsoever of ever visiting the hotel property. Stated differently, the tester is testing the website's ADA compliance, not the hotel's ADA compliance." *Nisha*, at 7.

After noting both sides of the public policy arguments both for and against such standing the Court ultimately denied the defendant's motion and held, "the weight of the law, as it currently stands, supports Plaintiff's argument as to standing." *Id*. at 7-8.

Respectfully submitted,
By: /s/_____
_____

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system this _____ day of _____, 2020.

By: /s/_____